## Samuel T. Snow & another *vs.* William B. Lang & another.

The assignees of an insolvent debtor have power to affirm a sale of property made by him, although it was made with the intent of giving a preference, under *St.* 1841, *c.* 124, § 3; and a sale so affirmed cannot afterwards be avoided by them.

In an action by the assignees of an insolvent debtor, to recover the value of property sold by him for the purpose of giving a preference, the defendant, under an answer denying the conversion of property of the plaintiffs, may prove that they have affirmed the sale.

Tort by the assignees of an insolvent debtor for the conversion of certain machinery. At the trial in this court, at April term 1860, before *Shaw*, C. J., a verdict was returned for the defendants, and the case was reported for the determination of the whole court. The facts are stated in the opinion.

*J. G. King*, for the plaintiffs.

*H. W. Paine & O. G. Peabody*, for the defendants.

Chapman, J. The report presents two questions. The principal one arises under *St.* 1841, *c.* 124, § 3, which declares that certain acts done by insolvent debtors to prefer creditors shall

be illegal, and proceeds as follows : " And all preferences so made or intended to be made shall, as to the other creditors, be void ; and the assignees may recover the full value of the property so transferred, or the property itself, from the creditor so preferred ; provided the creditor, when accepting such preference, had reasonable cause to believe such debtor was insolvent."

The defence set up was that the plaintiffs, being the assignees of the insolvent debtor, had waived the right to avoid the sale, and had affirmed it. To this it was replied that, as the statute declares the preference void, it could not be waived or affirmed. But it was held at the trial that the transaction was voidable only, and might be affirmed.

The court are of opinion that this ruling was correct. The word void is not always used in an absolute sense. It has from the earliest times been applied to fraudulent gifts of goods, which, though good against the donor, are said to be void as to his creditors. The transaction falls within the class of acts described as " void as to some persons only; " and which may be made good by subsequent matter. Bac. Ab. Void & Voidable, B, 2, 3. The legislature have used the customary word; yet, as creditors may affirm the sale, or waive their right to treat it as void, it is also properly called voidable.

The other question is, whether the defendants may prove under their answer that the plaintiffs have affirmed the sale, or waived their right to avoid it. This depends upon what facts were in issue. Substantive facts, which only amount to evidence tending to prove the facts in issue, need not be specified in the answer, for the parties are not bound to set forth their evidence in their pleadings.

The plaintiffs declared that the defendants had converted to their own use three lathes and one planer, the property of the plaintiffs. The pleadings put two facts in issue : (1.) The conversion by the defendants, (2.) The property of the plaintiffs. In the proof, the assignment that created the plaintiffs' title may properly be called a substantive fact, but not one that needs to be set forth ; for it was merely a fact in evidence tending

to prove the more general fact of property, which was in issue. Under this issue, this evidence would be met by proof of another fact, namely, the prior mortgage to the defendants. This again was met by proof, on ·the plaintiffs' part, that the mortgage was made in preference of the defendants, as creditors, and was therefore void by the statute. This fact was to be met by the defendants, and they offered proof that the plaintiffs had affirmed the sale or waived their right to contest it. All these facts are but evidence subordinate to the general fact of title, which was the issue to be tried. Pleadings which consist merely of a declaration and answer cannot properly set forth all these matters. If they are to be averred in pleading, it must be by way of replication, rejoinder, &c.

The ruling was correct, that the defence of waiver on the part of the assignees was incidentally involved in the question of title, which was the question put in issue by the answer, in which the defendants denied that they had " converted to their own use three lathes and one planer, or either thereof, the property of said plaintiffs."

The case was submitted to the jury under proper instructions, and judgment must be entered for the defendants on the verdict.